IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| BRENDA L. MCMILLIN ) | |
| ) | CHAPTER 7 CASE NO.: |
| ) | 19-41314-EJC |
| DEBTOR. ) | |

**CHAPTER 7 TRUSTEE'S (I) APPLICATION TO RETAIN
BK GLOBAL REAL ESTATE SERVICES AND AUCTION.COM TO MARKET AND
CONDUCT ONLINE SALES PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND (II)
APPLICATION TO RETAIN PENNY RAFFERTY AT PENNY RAFFERTY REALTY
AS <u>TRUSTEE'S LISTING AGENT PURSUANT TO 11 U.S.C. §§ 327 AND 328</u>**

**COMES NOW**, Wendy A. Owens, (the "Trustee"), duly appointed Chapter 7 Trustee for the above-referenced debtor (the "Debtor"), and hereby files this Application for (I) entry of an order authorizing retention of BK Global Real Estate Services ("BKGRES") and Auction.com ("ADC") and (II) entry of an order authorizing retention of PENNY RAFFERTY AT PENNY RAFFERTY REALTY as listing agent (the "Listing Agent") under the terms set forth in the agreement dated December 16, 2019 (the "Listing Agreement"). In support thereof, the Trustee respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3. On September 23, 2019, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

KL2 2821723.13

4. Thereafter, the Trustee was appointed as the Chapter 7 trustee in this case.

5. The Debtor own real property, by virtue of a deed, located at 190 Coffee Pointe Drive, Savnnah, G 31419 (the "Property").

6. The Debtor scheduled the Property as having a value of $280,000.00 subject to a mortgage in favor of Specialized Loan Serivicing (the "Secured Creditor") in the amount owed on the Petition Date of approximately $302,234.00.

7. By separate motion, the Trustee requests the entry of an order approving the sale of the Property by online sale (the "Online Sale"), using BKGRES and ADC's services.

8. To facilitate the orderly sale of the Property, the Trustee requests authority pursuant to Sections 327 and 328(a) of the Bankruptcy Code (I) to retain BKGRES and ADC to market the Property and conduct the Online Sale and (II) to retain the Listing Agent to conduct open houses and to facilitate communications with prospective buyers.

## APPLICATION

A. **BKGRES and ADC Should Be Retained and Compensated for the Online Sale of the Property**

9. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327…on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328 of the Bankruptcy Code permits the Court to approve BKGRES and ADC's compensation arrangement as set forth in this application to employ (the "Application").

10. ADC operates and manages one of the largest online real estate auction platforms in the country, conducting residential and commercial real estate auctions and providing marketing

2

services to promote the auction of assets for clients. ADC has extensive experience marketing real property sales and conducting online auctions, thereby creating a process to liquidate the Property with significantly faster and better execution for the estate. BKGRES provides services to trustees and has experience negotiating with secured creditors to accomplish the following:

(a) Sell the property under 11 U.S.C. §363(k) to the third party that submits the best qualified offer with the sale to approve by the Court, pursuant to 11 U.S.C. §363(k);

(b) Obtain the release of the senior mortgage and waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale);

(c) Work with the secured mortgage holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with the § 363 sale, including the payment of a three percent (3%) real estate brokerage commission (the "Agent Commission") and reimbursement of their out-of-pocket expenses to BK Global and provide a meaningful carve out of five percent (5%) or a minimum of $7,500.00 of the sale price (whichever is greater) for the benefit of the Bankruptcy Estate; and

(d) Make certain the amount of the carve out is clearly set out in the Motion to Sell the Property pursuant to 11 U.S.C. §363(k).

The Trustee believes that the highest and best value for the Property will be generated via BKGRES and ADC's Online Sale and that an Online Sale is in the best interest of the estate. The Trustee further believes that the retention of BKGRES and ADC is in the best interests of the estate.

11. ADC will be paid a commission equal to five (5%) percent of the Winning Bid Amount, which will be charged as a "Buyer's Premium" payable by the purchaser(s) at closing directly to ADC. The Buyer's Premium will only be paid if the Property is successfully sold to a third party bidder. If the Property is ultimately sold back to the Secured Creditor by credit bid, ADC will not be paid a Buyer's Premium or commission. Under any scenario, the estate does not have any obligation to compensate ADC in any manner.

12. The Trustee submits that BKGRES and ADC's terms of employment and compensation as set out herein are reasonable in light of BKGRES and ADC's extensive experience and the nature of the services BKGRES and ADC provide, which do not translate well to hourly billing. Thus, the Trustee requests that BKGRES and ADC's compensation be approved under Section 328(a) of the Bankruptcy Code and seeks a waiver of all monthly, interim, and final fee application requirements. As further detailed in the sale motion, the Trustee seeks authority to release (i) the Agent Commission to BKGRES and (ii) the Buyer's Premium to ADC, each at closing, subject only to a successful closing of the sale transaction, without further order of this Court.

13. BKGRES and ADC each attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a).

**B. The Listing Agent Should Be Retained and Compensated in Connection with the Sale of the Property**

14. For the aforementioned reasons, the Trustee believes that the highest and best value for the Property will be generated via auction and that an auction is in the best interest of the estate. To facilitate additional marketing of the Property, open houses, and certain communication with

4

prospective buyers, the Trustee also believes the retention of a Listing Agent is in the best interest of the estate and its creditors.

15. With respect to sales to third party purchasers only, the Listing Agent will be paid a commission equal up to one (1%) percent of the Winning Bid Amount, which will be paid by the Secured Creditor at closing directly to the Listing Agent. With respect to Online Sales in which the highest bidder is the Secured Creditor, by credit bid, no commission will be paid to the Listing Agent. Under no circumstance shall the estate have any obligation to pay the Listing Agent a commission.

16. The Trustee submits that the Listing Agent's terms of employment and compensation as set out in the Listing Agreement are reasonable in light of the nature of the services the Listing Agent provides. Thus, the Trustee requests that the Listing Agent's compensation shall be approved under Section 328(a) of the Bankruptcy Code and seeks a waiver of all monthly, interim, and final fee application requirements. As further detailed in the sale motion, the Trustee seeks authority to release the commission to the Listing Agent at closing, subject only to a successful closing of the sale transaction, without further order of this Court.

17. The Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). The Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share the 1% Commission with any other individual or entity, except to the extent that the winning bidder is represented by a real estate agent, and in that case, the 1% commission shall be split as agreed to between the listing agents.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKGRES and ADC and to retain PENNY RAFFERTY AT PENNY RAFFERTY REALTY as the Trustee's Listing Agent in this case, and requests that the Court approve the compensation arrangements herein pursuant to Section 328(a) of the Bankruptcy Code.

DATED this 17th day of December 2019.

Respectfully submitted,

/s/Wendy A. Owens
Wendy A. Owens, Esq.
GA Bar No. 557809
Chapter 7 Trustee

PO Box 8846
Savannah, Georgia 31412
912-239-9888
trustee@coastalempirelaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN THE MATTER OF: )
)
BRENDA MCMILLIN )
) CHAPTER 7 CASE NO.:
) 19-41314-EJC
DEBTOR. )

## AFFIDAVIT OF REAL ESTATE PROFESSIONAL PURSUANT TO RULE 2014

Before the undersigned Notary Public came and appeared Patrick Butler Senior Vice President of Bk Global Real Estate Services who under oath, deposes and says as follows:

1. I am a real estate professional and the Senior Vice President with the real estate office of BK Global Real Estate Services located at 1095 Broken Sound Parkway, Suite 100, Boca Raton, FL 33487. BK Global Real Estate Services is a Broker and Real Estate Company.

2. I submit this Affidavit in support of the Application to Employ a Real Estate Professional to represent the Trustee in her official capacity in the instant bankruptcy case.

3. I am familiar with the Trustee's Application and the property described therein, and believe that I am qualified to represent the Trustee and the estate in connection with the marketing of said property. I have agreed to accept employment on the terms and conditions set forth in the Trustee's Application.

4. I have the stated connection to the individuals, entities and parties listed below:

   a) The Debtor: None
   b) The Debtor's Counsel: None
   c) Creditors of the Debtor: None
   d) The U.S. Trustee: None
   e) Persons Employed by the U.S. Trustee's Office: None
   f) The Chapter 7 Trustee: None

5. To the best of my knowledge, information and belief, neither my office nor any member thereof:

a) Holds any interest adverse to the within estate in the matters upon which it is to be engaged;
b) Has any business interest in Debtor;
c) Have a pre-petition or other claim against the bankruptcy estate.

I declare under the penalty of perjury that the forgoing is true and correct.

_____ 12/13/19
Patrick Butler, BK Global Real Estate Services

Sworn to and subscribed before me this 13th day of December 2019 _____
Notary Public



Notary Public State of Florida
Tasha Santora
My Commission GG 065439
Expires 01/24/2021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

In re:                                    Case No. 19-41314
                                          Chapter 7
Brenda McMillin

_____Debtors_____  /

**AFFIDAVIT OF PENNY RAFFERTY IN SUPPORT OF APPLICATION
TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND PENNY
RAFFERTY REALTY TO PROCURE CONSENTED PUBLIC SALE PURSUANT
TO 11 U.S.C. § 327, 328 AND 330**

STATE OF GEORGIA          )
                          )
COUNTY OF Chatman         )

Penny Rafferty, being duly sworn, says:

1. I am a real estate agent duly licensed by the State of Georgia.

2. I am an agent of Penny Rafferty Realty a Georgia Corporation, with corporate offices located at 2126 E Victory Dr Savannah, GA 31404, ("Listing Agent").

3. I am familiar with the Application to Retain Penny Rafferty Realty, filed by the Trustee ("Application") and the property described therein.

4. I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 190 COFFEE POINTE D Savannah, GA 31419 (the "Property").

5. Penny Rafferty Realty has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

1

6.  Neither I nor any member of Penny Rafferty Realty hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7.  To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U. S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8.  I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Penny Rafferty of
Penny Rafferty Realty

The foregoing instrument was sworn to and subscribed before me this 16 day of December, 2019

NOTARY PUBLIC

_____
Notary Public, State of Georgia

Kiara Ghee
Type, Stamp, or Print Name as Commissioned

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

In re:  
Brenda L McMillin,  
Debtor(s).

Case No.: 19-41314-EJC  
Chapter 7

_____/

## DECLARATION OF CHARLES JENKINS IN SUPPORT OF APPLICATION TO RETAIN AUCTION.COM TO MARKET AND CONDUCT AUCTIONS PURSUANT TO 11 U.S.C. §§ 327 AND 328

The undersigned, Charles Jenkins ("Declarant") hereby states:

1. I am employed by Auction.com ("Applicant" or "ADC"), which is an entity duly licensed by the State of Georgia to conduct a public auction of the assets described in the annexed Application to Retain ADC (the "Application")[1]. I am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the Application.

2. Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtor's estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3. To the best of my knowledge: neither I nor any member of my firm is a creditor, equity holder or insider; am not and have not within 2 years been a director, officer or employee of the Debtor; and have no interest materially adverse to interest of the estate or any class of creditors or security holder, by reason of direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

4. That I have read the Application of the Trustee regarding the retention and compensation of ADC and agreed to be bound by the terms and conditions represented therein.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

5.  That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the ADC Agreement attached hereto, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this 12 day of December 2019.

Charles Jenkins
Director

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of ORANGE )

On DECEMBER 12, 2019 before me, SHAUNDA L. AYALA-HICKS, Notary Public, personally appeared CHARLES JENKINS, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.



I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| BRENDA L. MCMILLIN ) | |
| ) | CHAPTER 7 CASE NO.: |
| ) | 19-41314-EJC |
| DEBTOR. ) | |

CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing, **CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND PENNY RAFFERTY REALTY TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330, through CM/ECF or by depositing same in the United States Mail with sufficient postage affixed thereon,** to those addressed below:

James L. Drake, Jr.
P.O. Box 9945
Savannah, GA 31412

Brenda L. McMillin
190 Coffee Pointe Drive
Savannah, GA 31419

Matthew E. Mills
Assistant U.S. Trustee
Office of the U.S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste. 725
Savannah, GA 31401

This the 19th day of December, 2019

/s/ Wendy A. Owens
WENDY A. OWENS, Trustee/Petitioner

Prepared by:
Wendy A. Owens, Esq.
GA BAR No. 557809
Chapter 7 Trustee
P.O. Box 8846
Savannah, GA 31412
912-239-9888
trustee@coastalempirelaw.com

7